### UNITED STATE DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| KAYLA WHITE, AS PERSONAL REPRESENTATIVE AND N ATURAL TUTRIX OF THE MINOR CHILD EMMA LOOMIS | * CIVIL ACTION NO. 6:13-CV-00304 <br> * <br> * <br> * JUDGE REBECCA F. DOHERTY <br> * |
| VERSUS | * <br> * MAGISTRATE PATRICK J. HANNA |
| GRAY WIRELINE SERVICE, INC., ET AL | * <br> * |

**************************************************************************

## ANSWER ON BEHALF OF GRAY WIRELINE SERVICE, INC.

NOW INTO COURT, through undersigned counsel, comes GRAY WIRELINE SERVICE, INC. ("Gray"), sought to be made a defendant in the above-entitled and numbered suit, who, for answer to the Original Complaint for Wrongful Death Damages and Survival Action filed against it by Kayla White, as personal representative and natural tutrix of the minor child Emma Loomis ("Plaintiff"), avers as follows:

### FIRST DEFENSE

The Complaint filed herein fails to state facts which would support the jurisdiction of this court, or that the court is a proper venue for the action filed.

### SECOND DEFENSE

Alternatively, the Complaint filed herein fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

In the further alternative, and subject to the exceptive allegations herein above set forth, Defendant Gray denies each and every allegation of the Plaintiff's Complaint, except as the same may be hereafter admitted or modified.  In further responding to the said allegations, Defendant Gray avers as follows:

The allegations contained in the introductory paragraph of the Complaint do not require response on behalf of the Defendant Gray; however, to the extent that a response may be deemed necessary, the allegations are denied.

1.

The allegations of Paragraph 1 of the Complaint constitute conclusions of law and as such require no response on behalf of Defendant Gray; however, to the extent that a response may be deemed necessary, the allegations are denied.

2.

The allegations of Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

3.

Defendant Gray admits that it is a foreign corporation authorized to do business in the Western District of Louisiana.  All other allegations of Paragraph 3 of the Complaint are denied to the extent they seek to infer liability on behalf of

Defendant Gray, and are otherwise denied for lack of sufficient information to justify a belief therein.

4.

Defendant Gray admits that Adam Mark Loomis was an employee of Gray Wireline Service, Inc. on February 14, 2012. The remaining allegations of Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief a therein.

5.

The allegations of Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 of the Complaint are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 8 of the Complaint constitute conclusions of law and as such require no response on behalf of Defendant Gray; however, to the extent that same may be deemed necessary, the allegations are denied.

9.

The allegations of Paragraph 9 of the Complaint constitute conclusions of law and as such require no response on behalf of Defendant Gray; however, to the extent that same may be deemed necessary, the allegations are denied.

10.

The allegations of Paragraph 10 of the Complaint are denied.

11.

The allegations of Paragraph 11 of the Complaint are denied.

12.

The allegations of Paragraph 12 of the Complaint are denied.

13.

The allegations, statements, and conclusions contained in the prayer of the Complaint are denied.

14.

Defendant Gray is entitled to and hereby requests trial by jury as to all issues.

## FOURTH DEFENSE

Defendant denies that Plaintiff suffered any injury, or that illness manifested itself, or that any accident occurred while Plaintiff was in the service of any vessel or during the course of Plaintiff's employment with Defendant.

## FIFTH DEFENSE

Defendant denies that any person, firm, or corporation for whom it may be responsible was guilty of any negligence, unseaworthiness, strict liability, want of due care, or other legal fault constituting proximate cause of the alleged accident in question.

## SIXTH DEFENSE

Defendant Gray denies that it, any person, firm, or corporation for whom it may be responsible was guilty of any negligence, strict liability, want of due care, or other legal fault constituting a proximate cause of the alleged accident in question, but on the contrary, avers that the incident and resulting injuries, if any, were caused by the fault, negligence, want of due care, or other legal fault of parties, named or unnamed, for whose actions Defendant Gray is not responsible, which must be quantified and legally allocated accordingly.

## SEVENTH DEFENSE

Alternatively, Defendant Gray avers that the alleged incident in question and resulting injuries, if any, resulted from an unavoidable accident for which Defendant Gray cannot be held responsible.

## EIGHTH DEFENSE

In the alternative, if Defendant Gray or any person, firm or corporation for whom Defendant Gray may be responsible was guilty of any negligence,

unseaworthiness, strict liability, want of due care or other legal fault constituting a proximate cause of the alleged accident in question or if for any other reason Defendant Gray would be responsible to Plaintiff in this suit, Defendant Gray avers that Adam Mark Loomis was guilty of contributory negligence constituting a proximate cause of the alleged accident in question, and further, that said contributory negligence is herein pleaded as a sole cause of the accident, or alternatively, in mitigation of damages.

## NINTH DEFENSE

In the event, and solely in the event that liability is found to exist on the part of Defendant Gray or someone for whom Defendant Gray may be responsible, all of which is at all times specifically denied, Defendant Gray avers that Adam Mark Loomis failed to fully and properly mitigate his damages.

## TENTH DEFENSE

In the alternative, in the event liability is found on the part of Defendant Gray, Defendant Gray, avers that it would be entitled to a credit for the amount of all compensation, medical expenses, maintenance and/or cure paid to and/or on behalf of Plaintiff.

## ELEVENTH DEFENSE

Defendant Gray avers that at the time of the alleged accident, Plaintiff was not a seaman nor a member of the crew of a vessel or identifiable fleet of vessels in navigable waters or in navigation which was in the possession or under the control of Defendant and, accordingly, the Plaintiff's exclusive remedy, if any, against Defendant is under the Louisiana Workers' Compensation Act or, alternatively, under the Longshore and Harbor Workers' Compensation Act.

## TWELFTH DEFENSE

Defendant Gray avers that no warranty of seaworthiness was due to Plaintiff, or if any such warranty was owed, Defendant denies that there was any unseaworthiness constituting a proximate cause of the alleged accident in question.

## THIRTEENTH DEFENSE

Defendant Gray avers that it was never an owner, operator, or charterer of the vessel in question. If such is shown to be inaccurate, then Defendant avers that all of the matters pertinent herein were incurred without their privity or knowledge and Defendant therefore invokes the benefit of the provisions of revised statutes of the United States 46 U.S.C. §183, *et seq*., pertaining to limitation of liability of the owner, which serves to limit Defendant's liability to the value of their interest in the vessel at the conclusion of her voyage together with her freight then pending.

## FOURTEENTH DEFENSE

Defendant Gray avers that Plaintiff's injuries, if any, were the result of usual, normal risks of his occupation, which risks were assumed by him.

## FIFTEENTH DEFENSE

Defendant Gray specifically pleads that Plaintiff had the last clear chance to avoid the accident in question.

## SIXTEENTH DEFENSE

Defendant Gray avers that the injuries and resulting disability alleged by Plaintiff existed prior to the alleged incident and, as such, Defendant is not liable for said injuries or disabilities and any resulting damages to Plaintiff.   In the alternative, and only in the event that it should be found that these pre-existing injuries were aggravated by the alleged incident, Defendant avers that its entitlement to the limitation of any damages claimed against it to those resulting from the aggravation alone and not from the pre-existing injuries.

WHEREFORE, all premises considered, Defendant, GRAY WIRELINE SERVICE, INC., prays that the demands of Plaintiff herein be rejected and that Plaintiff's suit be dismissed with full prejudice and at Plaintiff's cost.  Defendant Gray further prays for a trial by jury as to all issues.

Respectfully submitted,

PREIS & ROY
(A Professional Law Corporation)


BY:   *s/Robert M. Kallam*
      ROBERT M. KALLAM (20242)
      M. BENJAMIN ALEXANDER (29065)
      102 Versailles Boulevard, Ste 400
      P. O. Drawer 94-C
      Lafayette, Louisiana 70509
      Telephone: (337) 237-6062
      Facsimile: (337) 237-9129

COUNSEL FOR GRAY WIRELINE SERVICE,
INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of March, 2013, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*s/Robert M. Kallam*
M. BENJAMIN ALEXANDER